Kenneth C. Johnson, Jr., J.
This is a proceeding on a motion for an order arresting judgment and setting aside the verdict of guilty to the crime of forgery in the second degree and dismissing the indictment. The defendant was indicted May, 1969 for said crime and tried on December 15, 16 and 17, 1969 before a jury and found guilty as charged.
During the course of his trial, defendant testified he did not complete the forged instrument in question, and defense counsel also sought to establish that the forged handwriting was not significantly comparable to the handwriting samples introduced by the People. In addition to these samples, during the course of the cross-examination of defendant a number of checks written by defendant against a checking account maintained by defendant at the Tompkins County Trust Company of Ithaca, New York were produced by the People. These checks were produced as the result of the issuance of a subpoena to the bank, upon the District Attorney’s office learning December 15, 1969 that defendant had a checking account in said trust company. Upon such cross-examination these checks were identified by the defendant as his. Defense counsel examined the said checks and they were received in evidence upon defense counsel specifically offering no objection to their introduction and receipt in evidence. In this regard the transcript reads as follows (cross-examination of defendant):
“ Q. I show you People’s Exhibits AA through HH and ask you if you can identify them.
“ A. Yes, they are my checks.
‘ ‘ Q. Did you sign each of the checks ?
“A. Yes.
“ Mr. Dean: No objection.
“ Q. I would like to offer in evidence Exhibits AA through HH.
“ The Court: Do you have any objection?
“ Mr. Dean: No objection.
“ The Court: People’s Exhibits AA through HH are received.”
The People upon summation pointed out that the handwriting on these said checks (Exhibits AA through HH) compared significantly with the handwriting on the forged instrument and that there were particular significant characteristics of the said compared handwriting. One of the grounds for the motions now before this court is that the said checks were obtained *707 without the knowledge and consent of defendant and therefore unlawfully seized and another ground is that they were not provided to defendant prior to trial and therefore improperly received into evidence.
In regard to both these grounds, this court is of the opinion that these checks were subpoenaed in the usual manner and introduced into evidence properly upon identification. The defendant is not, at this late date, in a position to object to their being introduced or received in evidence. As shown by excerpts from the transcript, he made no objection at the time of trial and defense counsel specifically stated upon questioning from this court that there was no objection to their being received in evidence.
As mentioned, defense counsel now claims that these checks should have been provided to defendant prior to trial (presumably as admissions pursuant to section 813-f of the Code of Criminal Procedure). This court is of the opinion that such checks made in the ordinary course of defendant’s banking activities do not fall within the meaning of confessions or admissions offered in evidence pursuant to section 813-f of the Code of Criminal Procedure and furthermore that “ a mere handwriting, exemplar, in contrast to content of what is written, like voice or body itself, is an identifying physical characteristic outside its protection ” (referring to the holding that the taking of handwriting samples containing no testimonial or communicative matter does not violate defendant’s privileges and rights under the Constitution) (Gilbert v. California, 388 U. S. 263, 266-267). In addition, the People did not know of the existence of these checks until December 15, when the trial was in process.
Defense counsel now claims that the subpoenaed checks constituted an unreasonable search and seizure. This court is of the opinion that the subpoenaing of the checks was not an illegal or unreasonable seizure and furthermore that such claim now is untimely, since a person claiming to be aggrieved by an unlawful search or seizure must make the motion to suppress pursuant to section 813-d of the Code of Criminal Procedure with reasonable diligence prior to trial or, though aware of the seizure prior to trial, has only after commencement of the trial obtained material evidence indicating unlawful acquisition or has not had adequate time or opportunity to make the motion before trial. If no motion is made (as in this case), the defendant is deemed to have waived any objection during trial to the admission of evidence based on the ground that such evidence *708 was illegally obtained. A motion after trial and conviction certainly is not timely.
The defendant also contends that he was improperly subjected to impeachment on cross-examination. The basis of such contention is that a certificate of conviction from Special Sessions Court in the Town of Ithaca for unauthorized use of a vehicle was improperly received into evidence. As to this latter contention, a transcript of the part of the record relating to the questioning of the defendant about the conviction shows that the certificate of conviction was not introduced or received in evidence:
“ Q. Isn’t it true April 28,1969 you plead guilty to a crime in the Town of Ithaca?
‘1 Mr. Dean: Just a minute. I want a recess.
I ‘ The Court: I will recess the jury ’ ’, etc.
(There was argument outside the presence of the jury as to whether the conviction to which defendant pleaded was for unauthorized use of a motor vehicle or was a plea as a youthful ■offender. The court instructed both counsel to check the records in order to make sure what the record showed. The trial was adjourned to the following day in order to give counsel an opportunity to examine the records.)
(The following day.)
“ Mr. McHugh:
“ Q. Mr. Miller, isn’t it true, on April 28, 1969 you were convicted of—
“ Mr. Dean: (Interrupting) I object to the form of the question.
II Court: Rephrase your question.
“ Q. Mr. Miller, were you convicted of a crime at any time prior to this ?
“ A. Yes.
“ Mr. Dean: What crime was it?
‘ ‘ A. Unauthorized use of a motor vehicle, I believe.
“ Q. Did you plead guilty to it?
“ A. Yes.
“ Q. Why did you plead guilty to it?
‘ ‘ A. I was told to by my father.
“ Mr. McHugh: Do you personally know the difference between guilty and not guilty?
“ A. Yes, I do.
11 The Court: Any further questions?
“ Mr. Dean: That’s all, Your Honor, we rest.
‘ ‘ Mr. McHugh: I rest. ’ ’
*709 The above excerpt from the transcript shows the defendant’s contention is incorrect. The certificate of conviction was never introduced into evidence. No objections were made by defense counsel as to the District Attorney’s cross-examination regarding defendant’s past criminal record. Defendant testified correctly that he had pleaded guilty to unauthorized use of a motor vehicle. Defendant, further, in response to a question by his defense counsel, attempted to explain that he pleaded guilty because his father told him to.
Defense counsel, after defendant’s trial and conviction, brought a coram nobis proceeding to vacate the said conviction of unauthorized use of a motor vehicle; and by order of Justice Habtsook at a term of the Special Sessions Court, March 4, 1970, said conviction was vacated. However, such a proceeding almost three months after the defendant’s conviction in this trial, has no bearing on the testimony before this court.
Defense counsel claims there was prejudicial error in the trial of this defendant since defendant was impeached by the unauthorized use of a motor vehicle conviction of April 28, 1969 later vacated, and counsel cites the case of People v. Tucker (33 A D 2d 823) as supporting his claim of prejudicial error. The said Tucker case involved hearsay evidence improperly admitted which went directly to the credibility of the People’s witness, a charge by the court that such evidence was contrary to testimony as to defendant’s participation in the crime, and also a reference by the District Attorney to prior statements being inconsistent when no prior statement could be admitted. The court stated (p. 825): “Also, while no proper objection was taken to the questioning of Percy Coleman upon recall by the People, we would note that the People could not properly thereby impeach this witness and since in retrospect it appears that the evidence capitalized upon and dramatized by the District Attorney was inadmissible, the use thereof in his summation was improper and, under the circumstances, prejudicial. When the guilt of the defendant is well established by competent evidence the courts are hesitant to grant new trials, but here the errors when considered cumulatively require such action.”
In this case before this court there is no contention by defendant concerning the admissibility of hearsay evidence, no contention concerning an improper charge by the court and no contention concerning prior inconsistent statements. No contentions are made by defense counsel that the same cumulative errors were committed by this court. Defense counsel has contended that illegal evidence was allowed to be admitted (although *710 no objection was made at trial) and that defendant was improperly subjected to impeachment (although no objection was made at trial). This court is of the opinion that the decision in the said case of People v. Tucker (supra) has no relevance and is not applicable to the case before this court. Motions denied.